# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1726
_____

RICHARD MATHIS,

    Petitioner,

    v.

STATE OF FLORIDA,

    Respondent.

_____

Petition for Belated Appeal—Original Jurisdiction.

December 10, 2018

PER CURIAM.

Richard Mathis petitions for a belated appeal contending that he did not receive notice of the circuit court's order denying relief on his Rule 3.850 motion. His petition explains that he did not attach his inmate mail logs—where all incoming legal mail must be recorded, *see* Fla. Admin. Code R. 33-210.102(15)(a)— because the "Legal Mail personnel said if the Court wants proof of when I received my ruleing [sic] that they [i.e., this Court] will have to request it because they will not give it to inmates." Before filing his petition, he asked the Department of Corrections for his mail logs, but the Department denied his request saying in its response that this Court "will need to contact the institution for these documents."

This Court ordered that Mathis provide a supplemental appendix "containing mail logs from the Department of Corrections in support of the request for belated appeal," short of which he may be subject to sanctions including "dismissal of this cause." In the past, an order of this type has been sufficient for an inmate to obtain copies of relevant mail logs from the Department, but the Department insisted again that this Court "will need to contact the institution for these documents."

Next, this Court issued an order for the State to show cause why a belated appeal should not issue based on Mathis's facially sufficient claim that he did not receive the circuit court's order. The State filed a response, attaching the mail logs for Mathis from the Department. Based on those logs, the State concedes that Mathis received no legal mail from the circuit court during the applicable time period and does not oppose Mathis pursuing his appeal belatedly.

Substantial time, effort, and expense, of course, could have been avoided if the Department followed its prior practice of providing inmates with their mail logs for attachment to their petitions for belated appeals. If the logs show no legal mail was received (as was the case here), the matter can be resolved expeditiously on that basis without additional processing or expense. The burden should not be placed on this Court to contact the Department for inmate mail logs in every case involving a belated appeal; this Court is in no better position than a petitioner, such as Mathis, or the State, to request, formally or informally, a copy of inmate mail logs in every case involving a belated appeal, which are many. Far better to make the inmate mail logs available at the outset so that unnecessary burdens on state resources and the judicial system are avoided.

Accordingly, Petitioner is granted a belated appeal of the December 29, 2017, order denying motion for postconviction relief in Gadsden County Circuit Court case number 2011-CF-326. A copy of this opinion shall be provided to the clerk of the circuit court for treatment as the notice of appeal. Fla. R. App. P. 9.141(c)(6)(D).

LEWIS, WETHERELL, and MAKAR, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Richard Mathis, pro se, Petitioner.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Bureau Chief, Tallahassee, for Respondent.